All your honors, you're not done with me yet. I must say that I have argued cases back-to-back, but I've never seen a situation in which there were two dual cases on the calendar at the same time. I am Dennis Reardon, counsel for Appellant Vinh Duong, in the last case on the calendar, which is a direct appeal from a Federal conviction for conspiracy to commit and the commission of interstate transportation of stolen property. And I think that the central issue here arises out of this, that, and I've seen this in other cases, it is absolutely true that in an ITSP case, the government need not prove that the defendant was involved in theft. They merely have to prove that the defendant, as an active member or aider-in-the-bedder or co-conspirator, agreed to transport property that he or she knew was stolen. But it is not uncommon that the government's theory, they do have to prove that the property is stolen, and it is not uncommon, although it causes confusion at times, to have a situation where the government's theory necessarily is that the defendant was involved in the theft, and in that situation, of course, to prove it's stolen, if their theory is that the defendant stole it or was a part of the conspiracy that stole it, they have to prove that the defendant is guilty of whatever the underlying form of theft is. This was charged as an interstate transportation of property case, and the government rose in closing argument and said that their theory of theft was that the illegal taking had been accomplished by bribery. Well, bribery and theft have a complicated relationship, because in honest services cases, which is in the mail fraud context, there are often situations where there is no theft involved. That is, an employee may be given money to divvy out a contract between various competitors. There may be no economic loss involved. The employer is deprived of the honest services of the employee if they take a bribe. So, there is a possibility that the government is going to raise the question of if the fraud is a bribery, and the answer is no. But this may not be theft, but what about fraud? Aren't bribery and fraud — isn't bribery subsumed under fraud? Exactly, Your Honor, and let me direct myself there. The point that I was going to make is that they argued a bribery theory. A bribery theory in the fraud context involves theft of honest services. It's a very complex body of law. And when we raised this on the new trial motion, that this was not a theory that was either pled or instructed on, the government's position, even though — and the quotations are in the brief — even though that time and time again they had said our theory is bribery, they said no, this is not an honest services case. This is not our theory. Even though it had been argued, we are going to rely on — Was the theory bribery or was bribery part of the explanation for how this at all happened? In other words, the explanation for why Sylvia Agawa did this was bribery. Right. But there was also a set of facts and a set of arguments dealing with how she did it and what his — and what Wong's involvement was in what she did. So it wasn't a suggestion that there was simply — that bribery was — everything hung under bribery or anything hung under bribery. Well, Your Honor, I agree with you. And let me move to that, because you can have a situation in which someone is bribed and they give out a contract actually to the best, well-qualified competitor. There's no loss to the employer. You can have a situation where someone is bribed and they deliberately give it to a — That's not this case. Well, that is property fraud. That can be property fraud. All that I'm saying is that if you're getting into that situation and we've excluded honest services fraud as the government's theory, which the government, although it argued it, disclaims now, then we're into the property fraud theory. And the problem there, Your Honor, is simply that the instructions on fraud were constitutionally deficient because they left out for two reasons. One, the indictment did not contain a reference to a theory or a misrepresentation or a specific misrepresentation. And equally, or perhaps more importantly, when the trial judge instructed on fraud, property fraud, they left out the materiality requirement of Netter. So the instructions on property fraud are missing a critical element, materiality. And we submit, although it is very clear that the counsel did not object to the instruction or request a proper instruction, it's got to be dealt with under the plain error test. So materiality is a requirement? Yes, Your Honor. I mean, if you're — and the government will say, well, ITSP, the property merely has to be stolen. Right. But if your theory of why it's stolen is that the defendant engaged in mail fraud to obtain it, then you have to prove the underlying mail fraud. And why? Because if you don't prove the fraud, you haven't proved that the property is stolen. That's not an element of the crime. The crime is you steal property and you know it's stolen. How it came about, why, you know, that just explains to a jury in lay people, you know, why this person is guilty. But, Your Honor, if you — In other words, they took the property by giving her money rather than sticking a gun in her face. But, Your Honor, if the theory was that the defendant committed a robbery and therefore transported property over State lines, you would have to tell the jury what a robbery  was. If the defendant said, no, I didn't rob, then the jury has to decide whether robbery has occurred. In this case, the government is saying our theory was fraud. The Court instructed on fraud. Well, I have two questions. One is, given the — and they're related. Given the evidence in this case, A, what was the deception or misrepresentation? I have a little trouble with that. That seems to me to — but secondly, and then once we know that, how could it have been not material? I mean, it's — if, for example, it was the changing of the prices so that the internal system, that this company misrepresented to the company what the price was, if that's the theory, obviously that was central to why it was that they were able to get this stuff. Well, I agree, Your Honor. The reason that the error matters is that — I mean, if Sylvia Algawa took computers and hid them in her coat and walked out of the plant, she might have engaged in an act of theft, but she did not engage in an act of fraud. Fraud involves misrepresentation and a material misrepresentation. No theory of embezzlement was offered to the jury. The theory that was instructed on was fraud. And if you have fraud, you have to have a material representation. And, Your Honor, frankly, from this record, it is not clear. She may have engaged in a number of acts that were dishonest in one sense. Embezzlement is dishonest. But not every form of theft is fraud. And the Supreme Court said in Netter that if you're relying on a theory of fraud, you've got to have — every fraud requires a material misrepresentation. Now, the instruction was actually by misrepresentation or deception. So at least according to the instruction that was actually given, and you're not complaining about, there didn't have to be a misrepresentation. Well, Your Honor, I submit that there — and there's some cases pending right now before this Court on this question, that under Netter, there does have to be a material misrepresentation. What we have chosen to focus on is that there's a clear absence of instruction on the element of materiality. You weren't a trial lawyer? No, I was not. I was not. If I were, Your Honor, I hope we'd be here arguing under something other than the plain error standard. So at the end of the day, and let me just sum up, I mean, yes, in a sense, bribery is irrelevant. The government argued bribery, but by the time of the new trial motion, which I did bring, it had forsaken that theory, bribery is out of the picture. It said, no, this is a property fraud case. The problem with property fraud is that not only is there an absence of instruction on materiality, but it isn't very clear what the material misrepresentation was. And perhaps to answer Judge Trager's question, yes, I agree that there could be all sorts of forms of theft. But if there were, if it was embezzlement or something else or conversion, you'd have to instruct the jury on those, because without instruction on the form of theft, they're not in a position to decide whether, in fact, the property was stolen. Obviously, this is not an insufficiency of the evidence case, but it's as important that the government offer sufficient evidence, as important as that requirement, is the fact that the case is decided under proper instructions and full instructions from the jury, and we would submit that did not occur in this case. Kennedy. I just would like to know how, under the facts here, how any jury could have been misled about what the case was about? And under the charge that was the proper charge, I think, the statute. Well, for this reason, Your Honor, I would concede that there may be very powerful evidence of a dishonest taking in this case. I'm not convinced that the one theory on which the jury was instructed, which was fraud, that there is convincing evidence of a material misrepresentation. This may be a case in which the government would have been better off arguing a form of theft such as embezzlement on Gao's part. And the Court may say, well, the evidence of embezzlement is strong. But under McCormick, to affirm a conviction on a theory that was never placed before the jury, I would submit, is simply the case, something that the Court can do, cannot do, because no form of definition of theft or embezzlement or conversion other than fraud was placed before the jury. Thank you, Your Honor. Thank you. Good morning, Your Honor. May it please the Court. I'm Jeff Singdahlson, Counselor for the United States in this matter. I guess I'd like to start by addressing the question that you raised, Judge Berzon, which is what was the representation or omission here. Let me premise that with sort of one answer, and I will directly answer your question in a second, which is that opposing counsel suggests there are cases pending before this Court that raise the issue of whether you need a specific misrepresentation or omission. The current state of the law in this circuit is that you don't have to point to a specific misrepresentation or omission. It's the scheme as a whole can itself be material and deceptive. That's Omer and Woods, and they're cited in our brief. You need some misrepresentation to have fraud? You certainly need some circumstances. But what the Court was – What do you mean by a circumstance as opposed to a misrepresentation? I'm sorry. Maybe I misunderstood your question. You need a misrepresentation. You do, but the – I'm sorry. But the course of conduct itself can be the misrepresentation or omission that's deceptive as opposed to a specific sort of oral or written statement itself. So it's the course of conduct that can be – Let me – So the way you carry out the theft is without necessarily saying anything to anybody can be – Correct. Your conduct itself can be effectively the misrepresentation or omission. But just to – sorry. To go back to your specific question, I think there were actually a series of misrepresentations or omissions here. But clearly, the key one, the one that I think is unquestionably material, is that Sylvia O'Gower went into the computer system in Samena, changed what were the standard prices, which were essentially for purposes of the company, the market prices, to what was generally – So why is that a misrepresentation? That's what I'm having trouble with. I mean, anybody who looked at the system could find out what she was doing. She wasn't lying about what she was doing. She was telling people what price she was charging people. She wasn't telling them something else. That I'm charging this guy or I'm treating the price here as X instead of Y. It may be, you know, a whole lot of other things, but I don't understand why it's a misrepresentation. Well, I'm sorry, Your Honor. That wasn't the end of it. She then submitted the transactions into the company as standard cost transactions by putting the price on, by omitting to acknowledge that they were not standard price transactions, which was she had no authority to engage in any transaction below standard price transaction without express authorization and approval. Is there a form or something in the record that shows that that's what happened? I'm sorry? Is there a form or something in the record that shows that that's what happened? There is testimony about her submitting it that way, and the forms that went out, the invoices, the shipping instructions, are all exhibits in the record, Your Honor. I see. Well, that's more coherent than anything that's in your briefs anyway. Okay. She also, well, let me back up a second because I also think that this ties into another, just sort of, I apologize, just sort of jump to the end by which I mean prongs three and four. The defendant has provided no analysis and no articulation based on the specific facts of this case or circumstances of this case as to why there was, why he's carried his burden of showing prongs three and four in the plain error review. That is his burden, and we would submit that that failing in and of itself is sufficient. All he's done is pointed to a couple cases and said those are like this, and for the reasons articulated in our brief, one of those was an assertion that it's per se reversible under plain error. That's clearly incorrect. The other was this Court's decision in, and I apologize, I will certainly mangle the name of the case, but it's Alferen, which was a case that involved a very heightened requirement of materiality in a naturalization context. And on the facts of that case, this Court found that that the government had essentially not offered up the proof that would have been required to meet that standard. The defendant also argues that the government's instructions on stolen were inadequate here because they did not specifically specify the type of or the theory of stolen that was required. I'm sorry, the Court's instruction. I apologize. And as articulated in our brief, and so I will not belabor it, there is no requirement that the government articulate a specific theory or that the jury be instructed on a specific theory of theft. Instead, the case law makes quite clear that that is what the statute seeks to avoid. The statute seeks to avoid a lot of gaps and crevices based on the common law requirements through which defendants who have committed theft of whatever type may seek. If there are no further questions from your Court, we'll rest on our briefs. Thank you very much. Mr. Reardon. Less than a minute, Your Honor. Two points. One, I just – the government has pointed to a misrepresentation that Ogawa lowered the prices quite openly in the computer system. I would submit that if someone is – the director of an auction tells its crier to start the bidding at $200 and the crier starts the bidding quite openly at $100, they may have transgressed their orders, but they have not committed a – But what about the other suggestion, that the standard prices were the prices that were originally in the computer, and although her changing them was not a misrepresentation, her representing that she was selling them at standard prices was a misrepresentation? Well, Your Honor, I've gone through the government's brief. I – then we're talking not about the change. We're talking about an affirmative misrepresentation that she didn't do what she did do, and I haven't seen evidence of that in the record. I may have missed it, but when I go through the government's brief,  that's why I asked the question. I couldn't figure out what the misrepresentation was. Now we're being told something else, which is that there was a second layer here, which was that she then went and put in orders which sort of denied what – in essence, denied what she did, said that she was selling it at standard prices when she wasn't selling it at standard prices. And, Your Honor, all I would say – that isn't my reading of the record, but all I would say is that if there's that amount of confusion, it was a jury question about whether there was a material misrepresentation. Well, it was a jury question, but that doesn't raise any materiality problem. I mean, if that is, in fact, sufficient evidence of a misrepresentation, it was clearly material, because nobody would have let her sell it at that price if they'd known. So at that point, you lose at heart, unless there seems to be a materiality question, if that's a viable theory of misrepresentation. I – then I – you know, I suppose if that's the case, we rise and fall on whether the Court is able to locate in the record, frankly, what happened there. Well, I'm just looking at the government's brief. How about on page 10, in addition, Ogawa processed the orders as if Parity had already paid for the parts when it had not and failed to include authorizations she knew were required. Wouldn't that meet any possible test? I assume the transcript supports the statement. Well, again, I will have to look at this, these sites, Your Honor. It's artfully worded, and does it contain a representation that they've paid with them and they didn't, or does it – is it simply a case where she sends the parts out before the money is received? Or lack – I mean, lack of authorization doesn't seem to me to be a fraud. I mean, people – you know, if she doesn't represent that she had the right authorization, she just doesn't get it. Right. That doesn't appear to be a fraud. So whether there's anything in the materiality issue, it seems to me, depends on what the fraud theory is. Right. In the long run. As to some things, clearly, they were material and there's nothing you can do about it if it's a fraud. Admittedly. I mean, the – it rises and falls on whether the government has been able to point to, under net or overwhelming evidence, of the element that's been admitted in this – which is, in this case, materiality. And I will just correct – it is not the case that the law in this circuit is that you don't need a representation or a material representation. You know, what Wood says is that you can have a material representation as much by silence in certain situations or half statements. They can be equally misrepresentative as an affirmative lie. What about conduct? What about just the course of conduct? Well, Your Honor, there's pending a case in this circuit that's been pending for a year, United States v. Sabatini, before Judge Kleinfeld, Judge Fletcher but a different Judge Fletcher, and Judge Pregerson, I believe, that directly addresses the issue of whether a specific representation is required as opposed to merely deceptive conduct, which I argued a year ago in this courtroom. So – Which is as to fraud – mail fraud or as to this crime? No. It's definitely in the mail fraud context, Your Honor. Definitely in the mail. And, you know, the final point on that is just that you could not have a situation where a court said you have to find the property stolen and did not inform the jury in any way of what the notion of theft is. I mean, whatever theory of theft the government relies on is one that has to be instructed on how else can a jury – I don't think it can operate simply by use of the English word stolen and make an assumption that that – the jury knows the elements of embezzlement as opposed to fraud. One last thing. Why wouldn't it be – why wouldn't another piece of this be material representations, which were the fact that these orders were sent to a – basically a phony French organization in a different location, the attempt being by – in this instance by Duong, not by Agawa, to assure that nobody knew where – of his connection to these products? Well, then I think you really would have a jury question over materiality because materiality is defined as a statement which is likely to lead the property holder to surrender property. And I'm not saying that as a matter of law that couldn't satisfy the materiality requirement, but I certainly would think that there – that that is not an unequivocal material misrepresentation. It would be a jury question. I see. On a properly instructed jury. Thank you very much. Thank you. Thank both of you for an interesting argument. The case of United States v. Duong is submitted, and the Court is in recess until tomorrow morning.
judges: B. Fletcher, Berzon, Trager